IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**BARNETTER HOLLINS**                                                        **PLAINTIFF**

**V.**                                               **CIVIL ACTION NO. 5:17-CV-108-KS-MTP**

**WILKINSON COUNTY SCHOOL
DISTRICT,** *et al.*                                                           **DEFENDANTS**

## ORDER

For the reasons below, the Court **grants in part and denies in part** Defendants' Motion to Dismiss [15]. The Court denies the motion as to Plaintiff's claims of First Amendment retaliation. The Court grants it as to Plaintiff's claims of Fifth and Fourteenth Amendment due process violations against Defendants Jackson and Jones in their individual capacities.

## I. BACKGROUND

Plaintiff was the Assistant Transportation Director for the Wilkinson County School District ("WCSD") from March 2014 to June 2017. Defendant Jean Jones was the Transportation Director for the WCSD and Plaintiff's supervisor. Plaintiff supported the reelection campaign for the incumbent Superintendent of Education for the WCSD in the fall of 2015, but Defendant Kimberly Jackson won the election and became the new Superintendent in January 2016.

Plaintiff alleges that Defendants Jones and Jackson retaliated against her for her political speech in support of the former Superintendent. Among other things, she alleges that they threatened and harassed her, made false accusations against her,

reduced her salary, reduced her duties and responsibilities, failed to modify her work responsibilities to conform to medical restrictions, required Plaintiff to work while others did not have to do so, and ultimately terminated her employment. She filed this lawsuit against the School District, Jones, and Jackson, asserting various constitutional claims. Defendants Jones and Jackson filed a Motion to Dismiss [15], which the Court now addresses.

## II. STANDARD OF REVIEW

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Great Lakes Dredge & Dock Co. LLC v. La. State*, 624 F.3d 201, 210 (5th Cir. 2010) (punctuation omitted).[1] "To be plausible, the complaint's factual allegations must be enough to raise a right to relief above the speculative level." *Id.* (punctuation omitted). The Court must "accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff." *Id.* But the Court will not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* Likewise, "a formulaic recitation of the elements of a cause of action will not do." *PSKS, Inc. v. Leegin Creative Leather Prods., Inc.*, 615 F.3d 412, 417 (5th Cir. 2010) (punctuation omitted). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S.

---

[1]Defendants' briefing is unclear as to whether they intended the motion to be filed under Rule 12(b)(6) or Rule 12(c). The Court's standard of review is the same regardless. *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008).

662, 679, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009).

Additionally, Defendants' motion raises the defense of qualified immunity. "Although nominally a defense, the plaintiff has the burden to negate the defense [of qualified immunity] once properly raised." *Poole v. Shreveport*, 691 F.3d 624, 627 (5th Cir. 2012). When qualified immunity is raised at the pleading stage, "[h]eightened pleading" is required. *Reyes v. Sazan*, 168 F.3d 158, 161 (5th Cir. 1991). The plaintiff must provide "allegations of fact focusing specifically on the conduct of the individual who caused the plaintiffs' injury." *Id.* In other words, a "plaintiff seeking to overcome qualified immunity must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense with equal specificity." *Backe v. Leblanc*, 691 F.3d 645, 648 (5th Cir. 2012). The plaintiff must "speak to the factual particular of the alleged actions, at least when those facts are known to the plaintiff and are not peculiarly within the knowledge of defendants." *Schultea v. Wood*, 47 F.3d 1427, 1432 (5th Cir. 1995).

### III. DISCUSSION

Defendants argue that they are entitled to qualified immunity from liability for Plaintiff's claims. There are two steps in the qualified immunity analysis. First, the Court determines whether Plaintiff alleged sufficient facts to state a claim that Defendants' "conduct violates an actual constitutional right." *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008). Second, the Court must "consider whether [Defendants']

actions were objectively unreasonable in the light of clearly established law at the time of the conduct in question." *Id.*

## A. *Final Decision-Maker*

First, Defendants argue that they cannot be liable for the District's actions against Plaintiff because neither of them was the final decision-maker with respect to her termination. Defendants are mistaken. The Fifth Circuit recently clarified that individual liability under Section 1983 "turns on traditional tort principles of whether the particular act was a 'causal link' in the termination." *Sims v. City of Madisonville*, 894 F.3d 632, 640 (5th Cir. 2018). That is, "individual liability for a government official who violates constitutional rights, including First Amendment ones, turns on traditional principles of 'but-for' causation." *Id.* at 639. "If an individual defendant's animus against a coworker's exercise of First Amendment rights is a link in the causal chain that leads to a plaintiff's firing, the individual may be liable even if she is not the final decision-maker." *Id.*

Here, Plaintiff alleged that her working relationship with Defendant Jones "deteriorated" after Timothy Scott lost the election for superintendent, and that Jones told her that she would let the new superintendent, Defendant Jackson, "know that Plaintiff was no longer needed . . . ." Complaint at 4, *Hollins v. Wilkinson County Sch. Dist.*, No. 5:17-CV-108-KS-MTP (S.D. Miss. Aug. 24, 2017), ECF No. 1. Thereafter, Jones allegedly "made threatening comments to the plaintiff regarding her job security." *Id.* at 5. Defendant Jackson allegedly "voiced her displeasure and

4

disapproval that the plaintiff and other employees" had supported the former superintendent in the election. *Id.* Plaintiff also alleges that Defendants threatened and harassed her, made false accusations against her, reduced her salary, reduced her duties and responsibilities, failed to modify her work responsibilities to conform to medical restrictions, and required Plaintiff to work while others did not have to do so. *Id.* at 5-6. Plaintiff alleged these actions with particularity, providing specific dates for many of them. *Id.*

Therefore, Plaintiff alleged sufficient facts to demonstrate that Defendant Jones's animus against her support of Scott in the superintendent election was "a link in the causal chain" that led to her termination, and Jones may be liable under Section 1983. *Sims*, 894 F.3d at 639.

As for Defendant Jackson, Mississippi law provides school boards the general authority to "select all school district personnel in the manner provided by law . . . ." MISS. CODE § 37-7-301(p). With regard to noninstructional employees, the board has the power to "employ . . . and fix the duties and compensation of such personnel deemed necessary pursuant to the recommendation of the superintendent of schools." MISS. CODE § 37-7-301(w). The superintendent "shall recommend to the school board . . . all noninstructional employees to be employed and may prescribe the duties thereof." MISS. CODE § 37-9-3. Moreover, the superintendent has the "power, authority, and dut[y]" to "employ and dismiss noninstructional and nonlicensed employees as provided by law." MISS. CODE § 37-9-14. Accordingly, the Fifth Circuit has acknowledged that the school board's power in regard to noninstructional employees

5

"is limited to acting pursuant to the superintendent's recommendation." *Saddler v. Quitman County Sch. Dist.*, 278 F. App'x 412, 417-18 (5th Cir. 2008).

The parties agree that Plaintiff was a noninstructional employee. Therefore, Defendant Jackson had the "power, authority, and dut[y]" to employ and dismiss Plaintiff, to prescribe her duties, and to make recommendations to the School Board regarding the same. MISS. CODE §§ 37-9-3, 37-9-14. The School Board was limited to acting on Jackson's recommendations. MISS. CODE § 37-7-301(w); *Saddler*, 278 F. App'x at 417-18. Accordingly, Jackson was undeniably a "link in the causal chain" that led to Plaintiff's her termination, and she may be liable under Section 1983. *Sims*, 894 F.3d at 639.

## B.  *Causal Connection*

To prove a First Amendment retaliation claim, Plaintiff must show that "(1) she suffered an adverse employment decision; (2) her speech involved a matter of public concern; (3) her interest in commenting on matters of public concern . . . outweigh[s] the defendant's interest in promoting efficiency; and (4) her speech motivated the adverse employment decision." *Dearman v. Stone County Sch. Dist.*, 832 F.3d 577, 580-81 (5th Cir. 2016). Defendants argue that Plaintiff has not alleged sufficient facts to demonstrate that her speech motivated the adverse employment decisions she alleged.

Plaintiff alleged that her "working relationship" with Defendant Jones "deteriorated" after the election, and that Jones told her "that since Timothy T. Scott was no longer the Superintendent of Education for the WCSD, she (Jean Jones) would

6

let the defendant, Kimberly Jackson, know that the plaintiff was no longer needed . . . ." Complaint [1], at 4. Plaintiff also alleged that Defendant Scott "summoned several employees of the WCSD to the . . . office and voiced her displeasure and disapproval that the plaintiff and other employees of the WCSD had worn T-Shirts supporting Timothy T. Scott . . . ." *Id.* at 5. These allegations are sufficient to allege a causal connection between Plaintiff's political speech and the adverse employment decisions.

Defendant argues that Plaintiff's ultimate termination in June 2017 is too temporally removed from the political speech in the fall of 2015. But Plaintiff's Complaint describes a chain of events in which Defendants' retaliatory actions increased in severity over time. She alleged that she campaigned for Defendant Jackson's opponent in the fall of 2015, and that her working relationship with Defendant Jones began to deteriorate after the election. *Id.* at 4. She then describes a string of events beginning in the spring of 2016 after Defendant Jackson took office and ending in the summer of 2017 when she was terminated. *Id.* at 4-6. Therefore, her allegations do not leave a "lapse" in events, as Defendant argues. She alleged a steady stream of events from her political speech to her termination. That is sufficient at the pleading stage to overcome any concerns about temporal proximity.

## C.   *Fifth Amendment Takings*

In response to Defendants' motion, Plaintiff argues that she sufficiently pleaded an unlawful taking under the Fifth Amendment. In reply, Defendants argue that Plaintiff did not plead an unlawful taking in her Complaint.

Defendants are correct. In Count II of the Complaint, Plaintiff alleged that

Defendants violated her rights under the due process clauses of the Fifth and Fourteenth Amendments by failing to provide her a meaningful opportunity to be heard and failing to make a final determination on the appeal of her termination. She did not mention an unlawful taking. Therefore, no takings claim is currently before the Court. While Rule 15(a) requires that "leave to amend . . . be freely given when justice so requires," FED. R. CIV. P. 15(a)(1), Plaintiff has not sought leave to amend. *See U.S. ex rel. Willard v. Humana Health Plan of Tex., Inc.*, 336 F.3d 375, 387 (5th Cir. 2003).

### D.     *Fifth Amendment Due Process*

Defendants argue that Plaintiff did not plead sufficient facts to demonstrate a violation of her Fifth Amendment due process rights because the Fifth Amendment only applies to violations of constitutional rights by federal actors. Defendant is correct. "The Fifth Amendment applies only to violations of constitutional rights by the United States or a federal actor." *Jones v. City of Jackson*, 203 F.3d 875, 880 (5th Cir. 2000) (citing *Morin v. Caire*, 77 F.3d 116, 120 (5th Cir. 1996)). Defendants are not federal actors, and the Fifth Amendment does not apply.

### E.     *Fourteenth Amendment Due Process*

Defendants argue that Plaintiff did not plead sufficient facts to allege a violation of her Fourteenth Amendment due process rights. Specifically, Defendants contend that Plaintiff failed to allege the existence of a contract, state law, or school district policy that created a constitutionally-protected property interest in her continued employment. In response, Plaintiff argues that she alleged that Defendants withheld $960.41 of wages without notice or a hearing.

8

The Due Process Clause of the Fourteenth Amendment provides that no State shall "deprive any person of life, liberty, or property, without due process of law . . . ." U. S. CONST. amend. XIV, § 1. There can be no deprivation of due process in the absence of a protected property right or liberty interest. *See, e.g. Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997); *DePree v. Saunders*, No. 2:07-CV-185-KS-MTP, 2008 WL 4457796, at *7 (S.D. Miss. Sept. 30, 2008), *aff'd*, 508 588 F.3d 282 (5th Cir. 2009). "Constitutionally protected property interests are created and defined by understandings that stem from an independent source such as state law . . . ." *DePree*, 588 F.3d at 289.

First, to the extent that Plaintiff asserted any Fourteenth Amendment due process claim related to her termination or any action besides Defendants' alleged withholding of $960.41 in wages, Plaintiff "implicitly conceded that dismissal of [such] claims is in order" because she did not address them in briefing. *Hinson v. Rankin County, Miss.*, 873 F. Supp. 2d 790, 795 (S.D. Miss. 2012). Regardless, she has not demonstrated any constitutionally protected property interest in such matters.

As for the withheld wages, Plaintiff cites *Brooks v. George County, Miss.*, 84 F.3d 157 (5th Cir. 1996), for the proposition that "an employer, or supervisor, who refuses to pay an employee wages the employee has earned without giving the employee notice or due process violates the employee's due process rights . . . ." Response at 14, *Hollins v. Wilkinson County Sch. Dist.*, No. 5:17-CV-108-KS-MTP (S.D. Miss. Feb. 27, 2018), ECF No. 21. But *Brooks* addressed whether Mississippi law created a property interest

in a pretrial detainee's wages for work performed while in custody. *Brooks*, 84 F.3d at 163-64. At most, *Brooks* is only applicable here for the general principle that "[w]here there is a 'legitimate expectation of entitlement,' there is a property right." *Id.* at 163 (quoting *Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S. Ct. 2701, 2709, 33 L. Ed. 2d 548 (1972)).

To determine whether Plaintiff had a "legitimate expectation of entitlement," *id.*, the Court must look at "understandings that stem from . . . state law . . . ." *DePree*, 588 F.3d at 289, but Plaintiff has not provided any argument or allegation demonstrating that she had a legitimate expectation of entitlement to the $960.41 of withheld wages under state law. She was not under contract, and she has not identified any state law or district practice or policy that created an expectation of entitlement in the absence of a contract. She only alleged that Defendants reduced her duties, responsibilities, and salary on July 23, 2016, and, as a result, paid her less on July 30, 2016. Complaint [1], at 6. Accordingly, the Court finds that Plaintiff had no constitutionally-protected property interest in the $960.41 of withheld wages, and, therefore, she did not allege a deprivation of her due process rights.

## F. *Objective Reasonableness*

Finally, Defendants argue that their actions were objectively reasonable and, therefore, they enjoy qualified immunity from liability for Plaintiff's claims. In the second step of the qualified immunity analysis, the Court must "consider whether [the defendant's] actions were objectively unreasonable in the light of clearly established

law at the time of the conduct in question." *Brumfield*, 551 F.3d at 326. The Court "applies an objective standard based on the viewpoint of a reasonable official in light of the information then available to the defendant and the law that was clearly established at the time of the defendant's actions." *Freeman v. Gore*, 483 F.3d 404, 411 (5th Cir. 2007). The official's actions must be examined in light of the "facts and circumstances confronting them . . . ." *Newman v. Guidry*, 703 F.3d 757, 762 (5th Cir. 2012).

As this Court has noted on occasion, the issue of objective reasonableness typically encompasses most of the factual disputes in a case. *See, e.g. Salcido v. Univ. of S. Miss.*, No. 2:11-CV-173-KS-MTP, 2013 WL 2367877, at *1 n. 1 (S.D. Miss. May 29, 2013). For that reason, objective reasonableness arguments are best addressed on summary judgment, when there is a factual record for the Court to examine. Here, the Court is limited to Plaintiff's allegations. As explained above, Plaintiff alleged sufficient facts to state claims of First Amendment retaliation against each individual Defendant. If Plaintiff's allegations are true – as the Court must assume on a 12(b)(6) motion – then Defendants' actions were not objectively reasonable. *See Izen v. Catalina*, 382 F.3d 566, 574 (5th Cir. 2004); *Keenan v. Tejeda*, 290 F.3d 252, 261 (5th Cir. 2002); *Brooks v. City of West Point, Miss.*, 639 F. App'x 986, 989 (5th Cir. 2016).

### IV. CONCLUSION

For these reasons, the Court **grants in part and denies in part** Defendants' Motion to Dismiss [15]. The Court denies the motion as to Plaintiff's claims of First

Amendment retaliation. The Court grants it as to Plaintiff's claims of Fifth and Fourteenth Amendment due process violations against Defendants Jackson and Jones in their individual capacities. The parties shall immediately contact the chambers of the Magistrate Judge to schedule a case management conference.

SO ORDERED AND ADJUDGED this 15th day of October, 2018.

    /s/ Keith Starrett    
KEITH STARRETT
UNITED STATES DISTRICT JUDGE
