# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

**BARNETTER HOLLINS**                                                         **PLAINTIFF**

**v.**                                              **CIVIL ACTION NO. 5:17-CV-108-KS-MTP**

**WILKINSON COUNTY SCHOOL DISTRICT,** *et al.*            **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

For the reasons below, the Court **grants in part and denies in part** Defendants' Motion for Summary Judgment [48].

## I. BACKGROUND

The Court discussed the background of this case in a previous opinion. *See Hollins v. Wilkinson County Sch. Dist.*, 2018 WL 4997052, at *1 (S.D. Miss. Oct. 15, 2018). In the Court's Memorandum Opinion and Order [28] of October 15, 2018, it 1) held that Plaintiff neither asserted a Fifth Amendment taking claim nor sought leave to amend her pleading, 2) dismissed Plaintiff's Fifth Amendment due process claims against the individual Defendants, and 3) dismissed Plaintiff's Fourteenth Amendment due process claims against the individual Defendants. *Id.* at *3-*4. Defendants filed a Motion for Summary Judgment [48] as to Plaintiffs' remaining claims, which the Court now addresses.

## II. STANDARD OF REVIEW

Rule 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is

entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010). "Where the burden of production at trial ultimately rests on the nonmovant, the movant must merely demonstrate an absence of evidentiary support in the record for the nonmovant's case." *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 812 (5th Cir. 2010) (punctuation omitted). The nonmovant "must come forward with specific facts showing that there is a genuine issue for trial." *Id.* "An issue is material if its resolution could affect the outcome of the action." *Sierra Club*, 627 F.3d at 138. "An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party." *Cuadra*, 626 F.3d at 812.

The Court is not permitted to make credibility determinations or weigh the evidence. *Deville v. Marcantel*, 567 F.3d 156, 164 (5th Cir. 2009). When deciding whether a genuine fact issue exists, "the court must view the facts and the inference to be drawn therefrom in the light most favorable to the nonmoving party." *Sierra Club*, 627 F.3d at 138. However, "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002).

### III. DISCUSSION

#### A. *Municipal Liability under Section 1983*

First, Defendants generally argue that Plaintiff can not establish municipal

liability under Section 1983 because she can not prove the existence of a District policy or custom that caused the alleged constitutional violations. The Fifth Circuit provided the following summary of the law concerning municipal liability under § 1983:

> A municipality is not liable under § 1983 on the theory of respondeat superior, but only for acts that are directly attributable to it through some official action or imprimatur. To hold a municipality liable under § 1983 for the misconduct of an employee, a plaintiff must show, in addition to a constitutional violation, that an official policy promulgated by the municipality's policymaker was the moving force behind, or actual cause of the constitutional injury. The official policy itself must be unconstitutional or, if not, must have been adopted with deliberate indifference to the known or obvious fact that such constitutional violations would result.
>
> Official policy can arise in various forms. It usually exists in the form of written policy statements, ordinances, or regulations, but may also arise in the form of a widespread practice that is so common and well-settled as to constitute a custom that fairly represents municipal policy. A policy is official only when it results from the decision or acquiescence of the municipal officer or body with final policymaking authority over the subject matter of the offending policy.
>
> Although an official policy can render a municipality culpable, there can be no municipal liability unless it is the moving force behind the constitutional violation. In other words, a plaintiff must show direct causation, i.e., that there was a direct causal link between the policy and the violation.
>
> A plaintiff must show that, where the official policy itself is not facially unconstitutional, it was adopted with deliberate indifference as to its known or obvious consequences. Deliberate indifference is a degree of culpability beyond mere negligence; it must amount to an intentional choice, not merely an unintentionally negligent oversight.

*James v. Harris County*, 577 F.3d 612, 617-18 (5th Cir. 2009) (punctuation and citations omitted).

However, "[w]hen a municipality's final policy and decision maker in a single action directly and intentionally deprives a person of a federal constitutional right, . . . the person need not show that a policy or custom caused his injury in order to recover. In such a case, the municipality's action is deemed to be the direct cause or moving force behind the deprivation of right and injury." *Coggin v. Longview Indep. Sch. Dist.*, 289 F.3d 326, 333 (5th Cir. 2002) (citing *Bd. of County Comm'ners v. Brown*, 520 U.S. 397, 402-04, 117 S. Ct. 1382, 137 L. Ed. 2d 626 (1997)). "To prove liability under the single-incident exception, a plaintiff must at least show (1) that the defendant acted with deliberate indifference by disregarding a known or obvious consequence of his action and (2) that there is a direct causal link between the defendant's action and the deprivation of federal rights." *Waltman v. Payne*, 535 F.3d 342, 350 (5th Cir. 2008). Therefore, a single action by one who establishes governmental policy is sufficient to impose municipal liability in certain circumstances. *Id.* (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 481, 106 S. Ct. 1292, 89 L. Ed. 2d 452 (1997)).

Plaintiff presented evidence, in the form of her own interrogatory responses, that Defendant Kimberly Jackson 1) falsely accused her of workplace infractions, 2) reduced her responsibilities and salary in July 2016, 3) refused to reimburse $960.41 withheld from her paycheck, 4) intentionally assigned her duties that conflicted with restrictions imposed by her physician, 5) required her to report to work while other employees were not required to do so, 6) terminated her employment in June 2017.

4

Exhibit 5 to Response at 3-4, *Hollins v. Wilkinson County Sch. Dist.*, No. 5:17-CV-108-KS-MTP (S.D. Miss. June 13, 2019), ECF No. 51-5. These are some of the alleged actions forming the basis of Plaintiff's Section 1983 claims.

As the Court noted in its previous opinion, Mississippi law provides school boards the general authority to "select all school district personnel in the manner provided by law . . . ." MISS. CODE ANN. § 37-7-301(p). With respect to noninstructional employees, the board has the power to "employ . . . and fix the duties and compensation of such personnel deemed necessary *pursuant to the recommendation of the superintendent of schools.*" MISS. CODE ANN. § 37-7-301(w) (emphasis added). The superintendent "shall recommend to the school board . . . all noninstructional employees to be employed and may prescribe the duties thereof." MISS. CODE ANN. § 37-9-3. Moreover, the superintendent has the "power, authority, and dut[y]" to "employ and dismiss noninstructional and nonlicensed employees as provided by law." MISS. CODE ANN. § 37-9-14. Accordingly, the Fifth Circuit has acknowledged that the school board's power with regard to noninstructional employees "is limited to acting pursuant to the superintendent's recommendation." *Saddler v. Quitman County Sch. Dist.*, 278 F. App'x 412, 417-18 (5th Cir. 2008).

Therefore, Jackson was effectively a final decision-maker with respect to many of the alleged constitutional violations, and Plaintiff provided evidence that Jackson intentionally committed these actions. In the Court's opinion, this is sufficient to impose municipal liability on the County under the single-incident exception.

*B.     First Amendment Retaliation*

Next, Defendants argue that Plaintiff can not prove that they retaliated against her because of her speech. To prove a claim of First Amendment retaliation, Plaintiff must present evidence that "(1) [she] suffered an adverse employment action; (2) [she] spoke as a citizen on a matter of public concern; (3) [her] interest in the speech outweighs the government's interest in the efficient provision of public services; and (4) the speech precipitated the adverse employment action." *Anderson v. Valdez*, 845 F.3d 580, 590 (5th Cir. 2016). Defendants argue that Plaintiff can not satisfy the fourth element, causation.

To prove causation, a plaintiff must prove that "his speech was a substantial or motivating factor behind the defendant's actions." *James v. Texas Collin County*, 535 F.3d 365, 376 (5th Cir. 2008). If the plaintiff meets this burden, "a defendant may still avoid liability by showing, by a preponderance of the evidence, that it would have taken the same adverse employment action even in the absence of the protected speech." *Haverda v. Hays County*, 723 F.3d 586, 592 (5th Cir. 2013). "An employee can, however, refute this showing by presenting evidence that his employer's ostensible explanation for the discharge is merely pretextual." *Id*.

"[D]irect evidence of retaliatory motive is not necessary to show causation," *Bosque v. Starr County, Tex.*, 630 F. App'x 300, 305 (5th Cir. 2015), and "summary disposition of the causation issue in First Amendment retaliation claims is generally inappropriate." *Haverda*, 723 F.3d at 595. "Courts deciding the causation issue by

6

summary disposition have generally done so only when the employer's reasons have not been controverted." *Id.* at 596.

Plaintiff claims that Defendants retaliated against her because she publicly supported Timothy Scott, the former superintendent, in an election that Defendant Jackson eventually won. Plaintiff presented a sworn declaration from Scott. *See* Exhibit 1 to Response, *Hollins v. Wilkinson County Sch. Dist.*, No. 5:17-CV-108-KS-MTP (S.D. Miss. June 13, 2019), ECF No. 51-1. He said that he heard Defendant Jean Jones "say that she and [Defendant] Kimberly Jackson, the Superintendent-elect had discussed that [Plaintiff] would no longer be needed because [Plaintiff] was publicly supporting me and my campaign." *Id.* at 2. In the Court's opinion, this is sufficient to create a genuine dispute of material fact as to whether Plaintiff's public support of Scott in the election against Defendant Jackson was a substantial or motivating factor in the adverse employment actions alleged by Plaintiff.

Defendants argue that Plaintiff "manufactured" Scott's declaration to defeat summary judgment. "Under the sham affidavit doctrine, a district court may refuse to consider statements made in an affidavit that are so markedly inconsistent with a prior statement as to constitute an obvious sham." *Winzer v. Kaufman County*, 916 F.3d 464, 472 (5th Cir. 2019). "However, not every discrepancy in an affidavit justifies a district court's refusal to give credence to competent summary judgment evidence. Generally, in considering a motion for summary judgment, a district court must consider all the evidence before it and cannot disregard a party's affidavit merely

7

because it conflicts to some degree with an earlier statement." *Id.*

First, the sham affidavit doctrine doesn't apply here because Defendants have not directed the Court to any prior statement from Scott that contradicts his declaration. Defendants apparently contend that Scott's declaration is a sham because it purportedly contradicts Plaintiff's deposition testimony, but they have not directed the Court to any case law providing that the Court may disregard a third party's affidavit because it contradicts a litigant's prior statement.

Regardless, Scott's declaration does not substantively contradict the deposition testimony cited in Defendants' brief. Scott stated that he heard Defendant Jean Jones "say that she and [Defendant] Kimberly Jackson, the Superintendent-elect had discussed that [Plaintiff] would no longer be needed because [Plaintiff] was publicly supporting me and my campaign." Exhibit 1 [51-1], at 2. Plaintiff testified that Defendant never said anything to her regarding her support for Scott in the election. Exhibit A to Reply at 127, *Hollins v. Wilkinson County Sch. Dist.*, No. 5:17-CV-108-KS-MTP (S.D. Miss. June 20, 2019), ECF No. 53-1. She further testified that "Mr. Scott said she told him that if she won, . . . because of me and his relationship, I would be one of the first to go." *Id.* It doesn't matter whether Jackson directly told Scott that she intended to fire Plaintiff or Scott overheard it in a conversation between Jackson and Jones. Either way, the evidence creates a genuine dispute of material fact as to Defendants' motivation.

Defendants also argue that Plaintiff was terminated as part of a reduction-in-

8

force, rather than as retaliation for her political support of the former superintendent. Assuming that Defendant can prove this alternative reason for its actions, summary judgment is still inappropriate because Scott's declaration creates a genuine dispute of material fact as to whether Defendant's "ostensible explanation for the discharge is merely pretextual." *Haverda*, 723 F.3d at 592.

## C.     *Fifth Amendment Due Process*

The District argues that the Court should grant summary judgment as to Plaintiff's Fifth Amendment Due Process claim against it for the reasons the Court dismissed the same claim as to the individual Defendants. The District is correct. "The Fifth Amendment applies only to violations of constitutional rights by the United States or a federal actor." *Jones v. City of Jackson*, 203 F.3d 875, 880 (5th Cir. 2000) (citing *Morin v. Caire*, 77 F.3d 116, 120 (5th Cir. 1996)); *see also Ristow v. Hansen*, 719 F. App'x 359, 364 (5th Cir. 2018). The District is not a federal actor. Therefore, the Court grants its motion with respect to Plaintiff's Fifth Amendment Due Process claim.

## D.     *Fifth Amendment Taking*

In her response to Defendants' motion, Plaintiff argued that she had asserted a valid Fifth Amendment taking claim. As the Court ruled in its previous opinion, Plaintiff did not plead a Fifth Amendment taking. *See Hollins*, 2018 WL 4997052 at *3. Moreover, she never sought leave to amend and add such a claim. Therefore, there is no Fifth Amendment taking claim in this case. *Cutrera v. Bd. of Sup'rs of La. State*

9

*Univ.*, 429 F.3d 108, 113 (5th Cir. 2005) ("A claim which is not raised in the complaint but, rather, is raised only in response to a motion for summary judgment is not properly before the court.").

### E. Fourteenth Amendment Due Process

Next, the District argues that the Court should grant summary judgment as to Plaintiff's Fourteenth Amendment Due Process claim because Plaintiff can not prove that it deprived her of any constitutionally protected property interest, and that she received notice and an opportunity to respond. In response, Plaintiff argues that she did not receive notice and a hearing before the District decided to not renew her contract.

The Due Process Clause of the Fourteenth Amendment provides that no State shall "deprive any person of life, liberty, or property, without due process of law." U. S. Const. amend. XIV, § 1. There can be no deprivation of due process in the absence of a protected property right or liberty interest. *See, e.g. Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997); *DePree v. Saunders*, No. 2:07-CV-185-KS-MTP, 2008 WL 4457796, at *7 (S.D. Miss. Sept. 30, 2008), *aff'd*, 588 F.3d 282 (5th Cir. 2009). "Constitutionally protected property interests are created and defined by understandings that stem from an independent source such as state law . . . ." *DePree*, 588 F.3d at 289. Therefore, "[a] government employee may . . . possess an interest in continued employment by operation of an employment contract or state law. Where such an interest in continued employment exists, a public employer may not deprive

10

an employee of continued employment without first providing due process of law." *Dearman v. Stone County Sch. Dist.*, 832 F.3d 577, 583 (5th Cir. 2016).

It is undisputed that the District did not renew Plaintiff's contract for the 2017-2018 school year. Mississippi law requires school districts to provide employees written notice if their contract is not going to be renewed. MISS. CODE ANN. § 37-9-105.

> An employee who has received [such] notice, upon written request from the employee received by the district within ten (10) days of receipt of the notice by the employee, shall be entitled to:
>
> (a) Written notice of the specific reasons for nonreemployment, together with a summary of the factual basis therefor, a list of witnesses and a copy of documentary evidence substantiating the reasons intended to be presented at the hearing, which notice shall be given at least fourteen (14) days prior to the hearing; if the district fails to provide this information to the employee, then the recommendation for nonreemployment shall be null and void, and the board shall order the execution of a contract with the employee for an additional period of one (1) year;
>
> (b) An opportunity for a hearing at which to present matters relevant to the reasons given for the proposed nonreemployment, including any reasons alleged by the employee to be the reason for nonreemployment; . . .
>
> (c) Receive a fair and impartial hearing before the board or hearing officer; . . .
>
> (d) Be represented by legal counsel, at his own expense.
>
> Any employee requesting a hearing shall provide the district, not less than five (5) days before the scheduled date for the hearing, a response to the specific reasons for nonreemployment, a list of witnesses and a copy of documentary evidence in support of the response intended to be presented at the hearing. If the employee fails to provide this information, then the recommendation of nonreemployment shall be

11

final without the necessity of a hearing.

MISS. CODE ANN. § 37-9-109. "If the employee does not request a hearing, the recommendation regarding the nonreemployment of the employee shall be final." *Id.*

The Fifth Circuit has ruled that these statutes "creates a protectable property interest" under Mississippi law. *McDonald v. Mims*, 577 F.2d 951, 952 (5th Cir. 1978). Therefore, the Court rejects Defendant's argument that Plaintiff had no constitutionally protected property interest in her continued employment by the District.

However, regardless of the state law requirements, "all that federal due process requires is notice and an opportunity to respond." *Dearman*, 832 F.3d at 584. Even if a school district fails to comply with the procedural requirements of MISS. CODE ANN. § 37-9-109, if a non-renewed employee receives notice and an opportunity to respond, federal due process requirements are satisfied. *Id.* "[T]here is not a violation of due process every time a governmental entity violates its own rules. Such action may constitute a . . . violation of state law, but unless the conduct trespasses on federal constitutional safeguards, there is no constitutional deprivation." *Whatley v. Philo*, 817 F.2d 19, 21 (5th Cir. 1987). To demonstrate that state-mandated procedures raise the bar for federal due process requirements, "one must show that the procedures promised were denied in such a manner that the constitutional minimum is itself denied or an independent constitutional deprivation is effected." *Id.* (punctuation omitted).

Here, Plaintiff admits that Defendant provided notice that her contract would not be renewed, in the form of a letter sent in June 2017. *See* Plaintiff's Memorandum Opposing Motion for Summary Judgment at 16, *Hollins v. Wilkinson County Sch. Dist.*, No. 5:17-CV-108-KS-MTP (S.D. Miss. June 13, 2019), ECF No. 52; Exhibit 5 [51-5], at 4; Exhibit 6 to Response at 41, *Hollins v. Wilkinson County Sch. Dist.*, No. 5:17-CV-108-KS-MTP (S.D. Miss. June 13, 2019), ECF No. 51-6. Plaintiff sent a letter to the District, requesting a hearing. Plaintiff's Memorandum [52], at 17; Exhibit 6 [51-6], at 43-44. Jackson notified Plaintiff via e-mail that "the WCSD Board of Trustees will hear you out based on the certified letter that you sent each of them," Exhibit 6 [51-6], at 45, and Plaintiff admitted that she appeared before the Board. Exhibit A [53-1], at 229. The record contains a written copy of the statement she gave at the meeting, dated July 12, 2017 – over two weeks before the end of her contract. Exhibit 6 [51-6], at 42.

In summary, Plaintiff was provided notice and an opportunity to be heard, which is all the Constitution requires. She admits and the evidence demonstrates that Defendant sent her a letter prior to the end of her contract term notifying her that the contract would not be renewed, and that she appeared before the District's Board of Trustees to contest the nonrenewal. Plaintiff has not provided any argument, evidence, or legal authority demonstrating that the District's failure to comply with MISS. CODE ANN. § 37-9-109 constituted an independent constitutional deprivation. *See Whatley*, 817 F.2d at 21. Therefore, the Court finds that there is no

13

genuine dispute of material fact regarding Plaintiff's Fourteenth Amendment Due Process claim and grants Defendants' motion as to that claim.

## F. *Intentional Infliction of Emotional Distress*

Defendants also argue that Plaintiff can not prove behavior extreme or outrageous enough to constitute intentional infliction of emotional distress. In response, Plaintiff contends that Defendant's actions were, in fact, severe enough to constitute intentional infliction of emotional distress.[1]

A plaintiff may recover on a claim for intentional infliction of emotional distress "[w]here there is something about the defendant's conduct which evokes outrage or revulsion, done intentionally . . . even though there has been no physical injury." *Bowden v. Young*, 120 So. 3d 971, 980 (Miss. 2013). The defendant's conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id*. The standard has also been described as "malicious, intentional, willful, wanton, grossly careless, indifferent or reckless." *Leaf River v. Ferguson*, 662 So. 2d 648, 659 (Miss. 1995). Liability will not attach for mere annoyances or other trivialities. *Funderburk v. Johnson*, 935 So. 2d 1084, 1100 (Miss. Ct. App. 2006). "[I]t is the nature of the act itself – as opposed to the seriousness of the consequences – which gives impetus to legal redress . . . ." *Bowden*, 120 So. 3d at 980.

---

[1] Plaintiff also asserted a claim of "malice," but malice is not an independent cause of action. Rather, it is a state of mind that is an element in some causes of action.

The Mississippi Supreme Court has held that "[a] claim for intentional infliction of emotional distress will not ordinarily lie for mere employment disputes." *Lee v. Golden Triangle Planning & Dev. Dist., Inc.*, 797 So. 2d 845, 851 (Miss. 2001). Claims for intentional infliction of emotional distress in such disputes have "usually been limited to cases involving a pattern of deliberate, repeated harassment over a period of time." *Id.* "Only in the most unusual of cases does the conduct move out of the realm of an ordinary employment dispute, and into the classification of extreme and outrageous, as required for the tort of intentional infliction of emotional distress." *Prunty v. Ark. Freightways, Inc.*, 16 F.3d 649, 654 (5th Cir. 1994).

Plaintiff claims that Defendants "harassed" and "bullied" her over the course of two school years by telling her that she would no longer be needed after Jackson took office as superintendent,[2] accusing her of not performing her duties,[3] speaking to her in a "disrespectful" manner,[4] not speaking to her,[5] failing to inform her of a mandatory certification class,[6] accusing her of violating students' privacy without investigation,[7] threatening her job security,[8] falsely accusing her of not properly supervising transportation department employees,[9] altering her duties,[10] docking

---

[2] Plaintiff's Memorandum [52], at 11.
[3] *Id.* at 12.
[4] *Id.*
[5] *Id.*
[6] *Id.*
[7] *Id.*
[8] *Id.* at 13.
[9] *Id.*
[10] *Id.* at 14.

15

her pay,[11] accusing her of not doing her job in front of other employees,[12] assigning her duties outside restrictions imposed by her physician,[13] and not renewing her contract.[14] Plaintiff supported all of these allegations by citation to her own deposition and discovery responses.

Upon a thorough and careful review of the evidence, the Court concludes that there is a genuine dispute of material fact as to whether Defendant's alleged actions constituted the sort of "pattern of deliberate, repeated harassment" that gives rise to a claim of intentional infliction of emotional distress within an employment context. *Lee*, 797 So. 2d at 851; *see also Hutcherson v. Siemens Indus., Inc.*, 2018 WL 4571908, at *7 (S.D. Miss. Sept. 24, 2018) (similar allegations were sufficient to state a claim for IIED); *Coleman v. City of Hattiesburg*, 2018 WL 542975, at *3 (S.D. Miss. Jan. 24, 2018) (evidence of a similar pattern of harassment precluded summary judgment).

### G. *Punitive Damages*

The individual Defendants argue that Plaintiff has not presented evidence meeting the standard for imposition of punitive damages under either federal or state law. "A jury may be permitted to assess punitive damages in a § 1983 action when the defendant's conduct involves reckless or callous indifference to the plaintiff's federally protected rights, as well as when it is motivated by evil motive or intent." *Smith v. Wade*, 461 U.S. 30, 30, 103 S. Ct. 1625, 75 L. Ed. 2d 632 (1983). "Reckless

---

[11] *Id.*
[12] *Id.* at 15.
[13] *Id.*
[14] *Id.* at 16-17.

16

indifference has been described by the Supreme Court as 'subjective consciousness of a risk of injury or illegality and a 'criminal indifference to civil obligations.'" *Heaney v. Roberts*, 846 F.3d 795, 803 (5th Cir. 2017) (quoting *Kolstad v. Am. Dental Ass'n*, 527 U.S. 526, 536, 119 S. Ct. 2118, 144 L. Ed. 2d 494 (1999)). An "award of punitive damages is a harsh remedy and normally is not favored by law and its goal is to punish as well as to deter the commission of similar offenses in the future." *Id.*

Construing the evidence in the light most favorable to Plaintiff – particularly her own deposition transcript and interrogatory responses – a jury could conclude that the individual Defendants displayed "reckless or callous indifference" to Plaintiff's First Amendment rights. Therefore, the Court declines to grant summary judgment on punitive damages for Plaintiff's federal claims.

Under Mississippi law, "[p]unitive damages may not be awarded if the claimant does not prove by clear and convincing evidence that the defendant against whom punitive damages are sought acted with actual malice, gross negligence which evidences a willful, wanton or reckless disregard for the safety of others, or committed actual fraud." MISS. CODE ANN. § 11-1-65(1)(a). Punitive damages are generally only allowed "where the facts are highly unusual and the cases extreme." *Wise v. Valley Bank*, 861 So. 2d 1029, at 1035 (Miss. 2003). "[S]imple negligence is not of itself evidence sufficient to support punitive damages, but accompanying facts and circumstances may be used to show that that portion of defendant's conduct which constituted proximate cause of the accident was willful and wanton or grossly

17

negligent." *Choctaw Maid Farms v. Hailey*, 822 So. 2d 911, 924 (Miss. 2002).

Plaintiff claims – and has presented evidence to support the claim – that Defendants intentionally targeted her because she supported Defendant Jackson's opponent in an election. Construing the evidence in the light most favorable to Plaintiff, a jury could find that the individual Defendants acted with "actual malice" toward Plaintiff, or with a "willful, wanton or reckless disregard" for her rights. MISS. CODE ANN. § 11-1-65(1)(a); *cf. Hamilton v. Hopkins*, 834 So. 2d 695, 703 (Miss. 2003). Therefore, the Court denies Defendants' motion with respect to Plaintiff's claim for punitive damages.[15]

## H.    *Economic Damages*

Finally, Defendants argue that Plaintiff is not entitled to any economic damages. Defendants contend that Plaintiff's annual salary was $42,000.00, that she received a worker's compensation settlement in November 2017 of approximately $50,000.00, and that she secured employment in April 2018 providing an annual salary of approximately $28,320.00. Therefore, Defendants argue that Plaintiff mitigated any economic damages she may claim. Plaintiff did not respond to this argument in briefing.

The Court presently denies this aspect of Defendants' motion. The parties have not provided the Court with enough information about Plaintiff's workers' compensation settlement. Defendant is free to raise the issue in an evidentiary

---

[15] Defendants did not conduct separate analyses for each individual Defendant. Therefore, the Court will not conduct a separate analysis for each individual Defendant.

motion or objection at trial, but the Court declines to address it without more information and substantive argument from the parties.

## IV. Conclusion

For these reasons, the Court **grants in part and denies in part** Defendants' Motion for Summary Judgment [48]. The Court grants the motion with respect to Plaintiff's Fifth Amendment due process claim against the District, the Fifth Amendment taking issue Plaintiff raised in response to Defendants' motion, and Plaintiff's Fourteenth Amendment due process claim. The Court denies the motion in all other respects.

SO ORDERED AND ADJUDGED this 9th day of August, 2019.

                                        /s/   Keith Starrett
                                              KEITH STARRETT
                              UNITED STATES DISTRICT JUDGE